## CLARK vs. CONDIT.

*. When the evidence taken before a master is evenly balanced, his conclusions thereon will not be set aside unless clearly wrong.

The argument was upon exceptions taken by both parties to the report of the master. · This report was made upon a reference directed pursuant to the opinion of the Chancellor on the hearing of the cause, reported in 3 *C. E. Green* 358.

*Mr. T. Runyon*, for complainant.

*Mr. J. W. Taylor*, for defendant.

THE CHANCELLOR.

It was referred to the master to ascertain and report whether the sales of parts of the mortgaged premises made by the defendant, were below the fair value of the property at the time of the sales, and to take an account of the rents received by the defendant, and to state the amount due from the complainant to the defendant.

The master has reported that the sales were made at the fair market value of the property at the time of the sale; and that the defendant ought to be charged with $14,966.56, as the fair rental value of the property, being $5,068.43 above the amount accounted for as received by him, and that he ought to be charged with $1,053.87 interest thereon.

· The complainant has filed exceptions to this report, first, because the master ought to have charged a large sum for the excess of the value of the parcels sold, above the price received.

There is the testimony of a number of respectable unimpeached witnesses on both sides; it is a simple question of the weight of evidence. If the master put more confidence in the testimony of the defendant's witnesses than he did in those of the complainant, his conclusion is right. He could

much better judge of the weight to be given to the testimony of each witness than I can. There is clear testimony of respectable witnesses to sustain his conclusions, and had he arrived at a different conclusion, there is as good evidence to have sustained that. In such cases the established rule is, that the court will not set aside the conclusion of the master upon the evidence, unless clearly wrong. 2 *Daniell's Ch. Pr.* 1246; *Izard* v. *Bodine*, 1 *Stockt.* 309; *Sinnickson* v. *Bruere, Ibid.* 659; *Adams* v. *Brown*, 7 *Cush.* 220.

It is not clear to me that the master has erred as to the weight of the testimony on this point. This exception must be overruled.

The complainant's second and third exceptions are, that the master has not charged the defendant with the amount that he ought to have received for rents. The master had evidence on both sides, as to the rents which ought to have been received for this property. The witnesses differ among themselves greatly.

The master has from this evidence arrived at a conclusion as to the fair rental value of the property while in Condit's hands; a conclusion to which both parties except. It is about a medium between the testimony of the extreme witnesses. The defendant testifies as to what he actually received, and that he rented it to as good advantage as he could at the time. The real estate agents who made estimates for the complainant, testify to their estimates, and that they think that the rents estimated by them could have been had for the property. Such estimates are matters of opinion, and are apt to lean to the side of the party calling for them, and although honestly expressed, are always tinged with views peculiar to the witness. If he has been for the time in question a hopeful and buoyant operator in real estate, his opinion would differ much from what it would have been if he had taken the opposite view; and that even as to values in the past, when he does not state them from actual sales or lettings. At the best, all such evidence, at least in the shape in which it was put before the master, is mere matter of opinion.

At all events it does not appear to me that he has erred in this matter with sufficient clearness to set aside his report and sustain the exception.

For the same reason the first exception of the defendant, that the rents are overcharged to him, must be overruled.

The second exception of the defendant is abandoned, and his third and fourth exceptions are not sustained by the evidence.

The exceptions of both parties must be overruled, with costs to be paid by each to the other.